**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 2:17-cr-20144-JTF-1** |
| | ) | |
| **CHARLES FORD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO SUPPRESS

Before the Court is Defendant Charles Ford's Motion to Suppress filed on July 7, 2017. (ECF No. 38.) The sole issue presented by the Motion is whether Officers Edwards and Malsom were constitutionally permitted under the Fourth Amendment of the United States Constitution to stop Defendant for questioning. The Motion was referred to the Magistrate Judge, who held a hearing on the matter in October 2017. (ECF Nos. 47 & 52.) On November 2, 2017, the Magistrate Judge issued a Report and Recommendation suggesting that the initial encounter between Officers Edwards and Malsom and Defendant was consensual and that the resulting seizure occurred through a valid search incident to arrest such that all evidence obtained therefrom is free from any taint of illegality. (ECF No. 55, 7–8.) Plaintiff did not file any Objections to the Report and Recommendation.

## I.    FINDINGS OF FACT

In her Report and Recommendation, the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 55, 1–4.)

## II.    LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Also, motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A); *U.S. Fid. & Guarantee Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the Magistrate Judge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D.

Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

A. Fourth Amendment under United States Constitution

The Fourth Amendment of the United States Constitution provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const. amend. IV. The Fourth Amendment applies to government intrusions when a person has a reasonable expectation of privacy. *See Rakas v. Illinois*, 439 U.S. 128, 142–43 (1978). When the protections of the Fourth Amendment apply, a warrant is generally required unless an exception to the warrant requirement applies. *United States v. Garcia*, 496 F.3d 495, 508 (6th Cir. 2007). One exception to the warrant requirement is a search incident to arrest, which "permits law enforcement to search items found on a suspect's person or in a suspect's vehicle at the time of arrest without a warrant." *United States v. Lichtenberger*, 786 F.3d 478, 487 (6th Cir. 2015).

In determining whether the Fourth Amendment's protections are implicated, the Court must look to the nature of the encounter between law enforcement and the individual citizen. *United States v. Waldon*, 206 F.3d 597, 602 (6th Cir. 2000). Generally, three types of encounters between police and citizens are challenged in the courts: "(1) the consensual encounter, which may be initiated without any objective level of suspicion; (2) the investigative detention, which, if nonconsensual, must be supported by a reasonable, articulable suspicion of criminal activity; and (3) the arrest, valid only if supported by probable cause." *United States v. Avery*, 137 F.3d 343, 352 (6th Cir. 1997) (citations omitted).

During a consensual encounter, "law enforcement officers may approach an individual and ask general questions without having any reasonable suspicion of criminal activity, so long

as the officers refrain from the type of intimidating behavior that would lead a reasonable person to believe that the person was not free to leave." *Waldon*, 206 F.3d at 603. "Whether an encounter between a police officer and a citizen is consensual depends on the officer's objective behavior, not on any subjective suspicion of criminal activity." *Id.* A consensual encounter does not implicate the Fourth Amendment's protections because approaching an individual and asking a few questions does not constitute a "seizure" or "search". *Florida v. Bostick*, 501 U.S. 434, 434 (1991).

An encounter may escalate to a seizure, implicating the Fourth Amendment, "when a reasonable person, in view of the circumstances surrounding the encounter with law enforcement officials, believes he is not free to leave." *United States v. Winfrey*, 915 F.2d 212, 216 (6th Cir. 1990) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)). Accordingly, a request that the person stay at a location along with a request for and retention of the person's property has been held to implicate the Fourth Amendment. *Winfrey*, 915 F.2d at 216.

Courts have also articulated what is called an investigative detention, also known as a *Terry* Stop, which is characterized as "a brief, investigatory stop [that is justified] when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000); *Winfrey*, 915 F.2d at 216. "[A]n investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop. Similarly, the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." *Florida v. Royer*, 460 U.S. 491, 500 (1983). The reasonableness of an investigative stop, then, is a dual inquiry that considers (1) whether the officers' conduct is supported by articulable suspicion, and (2) whether the detention and investigative methods used were reasonable under the circumstances.

*Winfrey*, 915 F.2d at 216. The government bears the burden of showing that a seizure based on reasonable suspicion satisfied the conditions of an investigative *Terry* seizure. *Id.*

"An arrest must be supported by probable cause, which must be determined under the totality-of-the-circumstances approach." *United States v. Milam*, No. 2:15-cr-20091-SHM, 2016 U.S. Dist. LEXIS 73256, at *8 (W.D. Tenn. Mar. 18, 2016) (citing *Illinois v. Gates*, 462 U.S. 213, 230–31 (1983)). "There is no bright-line test for determining when an arrest occurs. The analysis of the conditions and circumstances that rise to the level of arrest is a fact-sensitive inquiry." *Id.* (citation omitted). To make this determination, a court must consider a variety of factors, including, but not limited to the following:

> (1) movement or transportation of the detainee from the site of the initial stop or detention to another location; (2) the nature and extent of the imposition of restraint or limitation on freedom of movement involving physical confinement or other coercion; (3) use of weapons or bodily force; and (4) issuance of Miranda warnings. *Id.* However, no single factor is ultimately dispositive of this issue, and the court must look toward the whole of the events in question.

*Id.*

### III.    ANALYSIS

The Magistrate Judge recommends the denial of Defendant's Motion to Suppress because the initial stop of Defendant was consensual and the subsequent arrest and search that yielded the evidence Defendant now attempts to suppress occurred as a result of a valid search incident to Defendant's lawful arrest. This Court agrees.

The initial encounter between Officers Edwards and Malsom and Defendant was consensual, in light of the officers' objective behavior. Here, the Officers asked Defendant and another man general questions about a crime committed near their location. The officers did not display force or other intimidating behavior and, indeed, considered Defendant and the man free to leave. Thus, the instant encounter was consensual. Additionally, the search of Defendant's

backpack and the seizure of the contents therein was lawful because it occurred through a search incident to arrest. After generally questioning Defendant and another man with him and finding discrepancies between their stories, the police decided to run both the Defendant's and the man's identification. At that point, Defendant admitted and Officer Edwards confirmed that Defendant had a warrant out for his arrest. The officers then searched Defendant's backpack and discovered the evidence Defendant now attempts to suppress. Accordingly, the search of Defendant's backpack and seizure of the contents therein was the result of a valid search incident to arrest, and any evidence obtained therefrom is free of any taint of illegality and should not be suppressed.

## IV.    CONCLUSION

Upon *de novo* review of the Magistrate's Report and Recommendation, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DENY** Defendant's Motion to Suppress.


**IT IS SO ORDERED** on this 12th day of December 2017.


*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge